Clark *v.* Platt.

———— ◦◂●▸◦ ————

ANDREW C. CLARK *vs.* SHERMAN PLATT AND OTHERS.

A trustee is entitled to a fair compensation for his services out of the funds in his hands.

A deed conveyed property in trust for the benefit of the grantor's wife and daughters in fee simple, and provided that whenever they should request, the trustee should convey by proper deed to such person as they should name. Held, that this provision was one merely for a change of trustee, and not in any sense a limitation of a fee after a fee, or a substitution of one fee for another.

Some two years after the deed had been delivered and acted on, the grantor, trustee, and all the *cestuis que trust,* joined in a petition to the superior court praying for a decree that the property be sold, and the proceeds, after paying certain prior incumbrances, be invested by the trustee, and the income paid to the grantor during his life, and that after his death the fund should go to two (out of three then living) of the *cestuis que trust* and the survivor of them. The decree was granted as prayed for, the property sold and the surplus invested. *A,* one of the petitioners, was under age at the time. She however signed the petition. The petition purported to be on behalf of the several parties named, and of "*A* by her father and natural guardian." The father, one of the petitioners, signed his own name, but did not sign again *as guardian.* Held, that the decree was binding upon *A,* and parties claiming under her; that the court had jurisdiction of the subject-matter and of the parties; and that even if it should appear that injustice had been done to *A,* yet the decree would be only voidable, when she came of age, upon proper application by her, and could not be collaterally impeached.

*A* having died before the other *cestuis que trust,* held, that no interest or estate in the trust fund had ever vested in her, and that parties claiming to have an interest in it through her could not object to the decree collaterally, or in any other way.

A guardian *ad litem* is never appointed except for an infant defendant.

BILL of interpleader.

Benjamin Bronson, in 1846, conveyed certain property to one Clark in trust, to pay the income beyond what was neces-

Clark *v.* Platt.

sary for his own support, to his wife Minerva, and his daughters Mary, Alvira and Alzora. The deed provided that whenever his wife and daughters, or the survivors, should request, Clark should convey the property to such person as they might appoint.

In 1848 Alvira died without issue and unmarried; Mary married one Platt, and the wife of the grantor was divorced and afterwards married one Cary. In January 1850 the trustee, together with Benjamin Bronson, Cary and wife, Platt and wife, and Alzora, (being all the parties interested then living,) united in a petition to the superior court, praying that the property might be sold to pay certain prior incumbrances, and that the surplus remaining might be invested; the income of such surplus to be paid to Benjamin during his life, and the principal at his death to go to the two children then surviving, Mary Platt and Alzora, or the survivor of them. The court granted the petition and a decree was ren dered to that effect at the February Term, 1850. After the petition was signed by Cary and wife, they by deed released all claim upon the property to the other petitioners. The property was sold, the incumbrances paid off, and a surplus left. The trustee invested this, and paid the income to Benjamin Bronson until his death, which occurred in November, 1860. Alzora, when the petition was brought, was under age. The petition was, in the body of it, styled the petition of (among others) " Alzora Bronson, by her father and natural guardian, Benjamin Bronson." Benjamin signed the petition in his own name, but did not sign it expressly as guardian. Alzora signed it herself. In January, 1855, Alzora married George N. Woodruff, and died the same year, childless, and under age. She left a will, leaving her property to Mrs. Cary. The trustee having died in April, 1860, the plaintiff, his administrator, filed a petition in the superior court after the death of Benjamin Bronson, asking the direction of the court as to how the fund should be disposed of, and praying compensation for services. The court found the facts above stated and reserved the case for the advice of this court.

*G. C. Woodruff* and *Turrill,* for Mrs. Platt, contended that she, having survived Alzora, was entitled to the whole fund by the terms of the decree of February, 1850; that that decree was valid, the court having jurisdiction of the subject matter; (2 Swift Dig., 111, 118;) and of the parties, they all having joined in the petition; that it could not be impeached collaterally; (Id., 214, 255, 282;) that the fact that Alzora was an infant did not make the decree void; (Id., 214; *Gregory* v. *Molesworth,* 3 Atk., 626;) that the petition was equivalent to an appointment under the original grant; that no interest under the decree ever became vested in Alzora, so that nothing passed by her marriage or her will; and that even if the decree was void, Mrs. Platt was entitled to the fund by the terms of the original deed. *Mr. Turrill,* who appeared for the petitioner as well as for Mrs. Platt, claimed that the trustee was entitled to compensation, and that the costs of the suit should be paid out of the fund; citing 2 Swift Dig., 118, and *Kendall* v. *New England Carpet Co.,* 13 Conn., 383.

*E. W. Seymour,* for George N. Woodruff, contended that the decree of February, 1850, must be construed with reference to the original deed, and was void so far as it departed from that; that the deed gave the property to the survivors only in case Benjamin Bronson died before the grantees became of age or were married; that if it attempted to limit a fee after a fee, or to substitute a fee for a fee, it was so far void; that Alzora's interest was a vested one, and upon her marriage went to her husband; and that the decree was void as to her, she being an infant, and no guardian *ad litem* having been appointed, and the petition so far as it could be regarded as expressing her assent to the decree not having been signed by any person as her guardian, and her own signature by reason of her infancy being of no effect.

BUTLER, J. We are all of opinion that after a proper allowance to the petitioner, for the services of his intestate and his own expenses, the money should be paid to Mrs. Platt.

The trust deed of 1846 is not open to the objection that it

limited a fee simple after a fee simple ; nor that it substituted a fee simple for a fee simple upon a contingency. The provision for a conveyance on request to a third person, was a mere provision for a change of trustee. After the trusts for life were determined, the fee simple was to be conveyed to the children of the grantor, who should then be living, whenever they preferred to take it rather than have it controlled by the trustee for their benefit.

Nor is the decree obnoxious to the objections urged against it. It was predicated upon a petition signed by all the parties in interest, and conformed to the prayer of that petition. The subject matter was within the jurisdiction of the court, as well under the statute authorizing sales of lands held in common, as upon general principles giving courts of equity power to direct the sale of trust estates. All the parties were properly before the court. The objection that Alzora was not bound by it, because a minor and no guardian *ad litem* was appointed, is not sustainable. Guardians *ad litem* are only appointed in behalf of infant respondents. It appears also that she was there by her natural guardian, and does not appear that she had any other. It is true the father had an individual interest, and signed apparently as an individual ; but it is averred in the body of the petition that it was brought " on her behalf," " by her father and natural guardian," and that, with his and her signature, is unquestionably sufficient, and the decree was binding upon her. Perhaps it might be claimed, that if it appeared that injustice had been done to Alzora, by reason of her non-age and the misconduct of her guardian, the decree was voidable by her when she became of age, upon proper application to the court. She died however before she became of age, and the decree as to all the parties has stood unreversed and uncomplained of for ten years. It was clearly beneficial to her and in conformity with the trust deed, as to the principal fund ; was passed in accordance with the wishes of all the parties having any interest at the time in the rents and profits ; and is supported by all the presumptions which uphold decrees of the superior court. It is not now open in this collateral way, or in any way, to objection.

Minerva Cary released her right to the interest of the fund in question, and she and her releasees solicited and obtained a decree abolishing that right, and it is gone. Woodruff by virtue of the marital relation acquired no interest in that, for it was gone before he intermarried with Alzora, and none in the fund, which was not subject to the contingency of Alzora's death. Both therefore are without equity in the fund, and the superior court must be advised that it should be paid over, after deducting proper charges and expenses, to Mrs. Platt.

In this opinion the other judges concurred.

# SUPREME COURT OF ERRORS.

## WINDHAM COUNTY, OCTOBER TERM, 1861.

Present,

Hinman, C. J., Ellsworth, and Butler, Js.