ARDEN H. RATHKOPF, EXECUTOR (ESTATE OF GERTRUDE S. PEARSON) *v.* HARLOW S. PEARSON

KING, MURPHY, MELLITZ, SHEA and ALCORN, Js.

Argued March 8—decided April 11, 1961

*Cleaveland J. Rice, Jr.,* with whom, on the brief, was *Charles M. Lyman,* for the appellant (defendant).

*Jerrold H. Barnett,* with whom were *R. William Bohonnon* and, on the brief, *John R. Gorman,* for the appellee (plaintiff).

ALCORN, J. The plaintiff's action is for debt on a foreign judgment. The single issue is whether the trial court erred in rendering a summary judgment.

The allegations of the substituted complaint as amended and admitted by the defendant's answer are in substance that the plaintiff is the duly qualified executor of the estate of Gertrude S. Pearson by appointment of the Surrogate's Court in the county and state of New York as successor to the defendant, who was removed as executor by that court, and that the plaintiff is duly qualified and

acting under an ancillary appointment in Connecticut. The defendant pleaded insufficient knowledge and information to form a belief as to the allegations in the amended substituted complaint that the Surrogate's Court, in connection with accounting proceedings relating to the defendant's acts as executor, rendered a decree of accounting and a judgment in favor of the plaintiff, as successor executor, against the defendant in the amount of $63,560.33, which judgment remains wholly unsatisfied.

Following the defendant's answer, the plaintiff made a motion for summary judgment, supported by an affidavit reciting in substance that he had petitioned the Surrogate's Court to take the account of the defendant and to remove him as executor; that, after the defendant's personal appearance and a hearing, the Surrogate's Court removed the defendant as executor and rendered judgment for the plaintiff, as successor executor, to recover $63,560.33 from the defendant; that the Surrogate's Court is a court of record in the state of New York; that no money has been paid by the defendant, and the full amount of the judgment, with interest, is now due and owing; and that the defendant has no defense to the action.

The defendant thereupon filed a counter affidavit, stating in substance that he had no knowledge as to whether the Surrogate's Court of New York County had had "proper" jurisdiction of him, and of the plaintiff's claim against him, upon which to base a judgment enforceable in Connecticut; that he had no knowledge as to whether the plaintiff had duly qualified as executor in ancillary proceedings in this state; that the plaintiff had fraudulently represented to the decedent that her will, which he drew and which was later probated, carried out her

instructions to name the defendant as sole beneficiary; that the plaintiff's suit is to recover funds to which the defendant would be entitled under the will if they became an asset of the estate; that the plaintiff had denied the defendant the necessary funds to permit him to appear and testify in the Surrogate's Court; that the actions of the plaintiff rendered him unfit to hold a position of trust or to sue on behalf of the estate; that the sums alleged by the plaintiff are not in fact owed by the defendant; and that the defendant intended to defend the action on the basis of the allegations of his affidavit.

Thereafter, the plaintiff moved to strike the counter affidavit on the ground that its filing was not timely, it failed to state a lack of jurisdiction by the Surrogate's Court, the qualifications of the plaintiff as executor had been admitted in the defendant's answer, and the other allegations of the counter affidavit could not be raised in a suit on the judgment of a sister state but must be litigated in the courts of that state. The court found the counter affidavit insufficient, ordered it stricken, and rendered judgment for the plaintiff to recover $63,560.33.

The issue which confronted the trial court was whether the counter affidavit showed facts sufficient to entitle the defendant to defend. Practice Book § 53. Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact. *Richard* v. *Credit Suisse*, 242 N.Y. 346, 350, 152 N.E. 110; 6 Moore, Federal Practice (2d Ed.) § 56.04. A party is entitled to relief by summary judgment when the facts set forth in affidavits show that there is no real issue of material fact to be tried. *General Investment Co.* v. *Interborough Rapid Transit Co.*, 235 N.Y. 133, 139,

139 N.E. 216; *Engl* v. *Aetna Life Ins. Co.*, 139 F.2d 469, 472. Of a rule of similar import, it has been said: "The purpose of the rule is to preserve the court from frivolous defences and to defeat attempts to use formal pleading as means to delay the recovery of just demands." *Fidelity & Deposit Co.* v. *United States*, 187 U.S. 315, 320, 23 S.Ct. 120, 47 L.Ed. 194. The function of the trial court, in applying the summary judgment rules, is to determine whether an issue of fact exists but not to try that issue if it does exist. *Norwood Morris Plan Co.* v. *McCarthy*, 295 Mass. 597, 603, 4 N.E.2d 450. If it appears that upon full inquiry a defense would not be found to exist, a summary judgment is warranted. *Rifkin* v. *Safenovitz*, 131 Conn. 411, 416, 40 A.2d 188. If the facts set forth in the counter affidavit show a defense, then the counter affidavit should not be stricken. *Perri* v. *Cioffi*, 141 Conn. 675, 680, 109 A.2d 355.

The statement in the counter affidavit that the defendant has no knowledge as to the plaintiff's qualification as ancillary executor is of no merit in view of his admission of that fact in his answer to the complaint. The statement that he has no knowledge as to the Surrogate Court's jurisdiction is equally insignificant. "[M]ere want of knowledge does not prevent summary judgment. It should be sufficient ground of defence only when it appears that a thorough investigation has been made and that ignorance persists after genuine efforts to ascertain the facts about the validity of the plaintiff's claim." *Norwood Morris Plan Co.* v. *McCarthy*, supra, 604. An allegation in an affidavit setting forth no evidentiary facts avails nothing.

The remaining recitals in the counter affidavit amount to an attempted collateral attack on the

judgment of the Surrogate's Court. Such an attack is not permissible in the present case. *Peck* v. *Woodbridge,* 3 Day 30, 36; *Hall* v. *Hall,* 91 Conn. 514, 521, 100 A. 441; 1 Freeman, Judgments (5th Ed.) § 305. Moreover, to be successful, a collateral attack must prove a judgment void, not merely voidable. *Clark* v. *Platt,* 30 Conn. 282, 285. Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment. 1 Freeman, op. cit. § 325. The counter affidavit does not purport to allege any such defects. At most, it alleges matters affecting the validity of the will which had been probated or of preliminary proceedings leading up to the judgment. These are not open to attack in this action. *Raughtigan* v. *Norwich Nickel & Brass Co.,* 86 Conn. 281, 286, 85 A. 517; *Shelton* v. *Hadlock,* 62 Conn. 143, 153, 25 A. 483.

Contrary to the counter affidavit, the trial court had before it the recitals in the plaintiff's affidavit that the Surrogate's Court, a court of record, rendered the judgment sued upon after personal appearance by the defendant and a hearing. By the admitted allegations of the complaint, the Surrogate's Court had the settlement of the decedent's estate before it, and the plaintiff was the duly qualified executor. The counter affidavit furnished no facts to negative the jurisdiction of the Surrogate's Court over either the subject matter or the parties, or its power to grant the relief which its judgment provided. On this state of facts, that judgment was entitled to full faith and credit in this state. U.S. Const. art. IV § 1; *Frick* v. *Hartford Life Ins. Co.,* 98 Conn. 251, 259, 119 A. 229. The trial court was

correct in holding that the counter affidavit was insufficient, in ordering it stricken, and in rendering a summary judgment.

There is no error.

In this opinion the other judges concurred.