[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On November 27, 1989, the California Municipal Court awarded a judgment to the plaintiff, Richard C. Gilbert, against the defendant, Ralph Francis Dolce, in the amount of $4,000.00. On May 21, 1990, the plaintiff commenced an action in Connecticut, against the defendant, seeking to enforce the California judgment. On August 13, 1990, the defendant answered the plaintiff's complaint and included three special defenses therein. The special defenses allege respectively: that the plaintiff breached a fee agreement that he had with the defendant; that the defendant "never having received notification of the date for arbitration, the results thereof and the plaintiff's motion for the court to reconsider its denial of the arbitration award, was denied due process and an opportunity to be heard;" and that the defendant "never having had the opportunity to attend an arbitration hearing is unaware whether or not a setoff of $1,500.00 paid by him to plaintiff was considered in the arbitration award or in the judgment confirming the same." CT Page 3017
On September 24, 1990, the plaintiff moved to strike the defendant's three special defenses. The plaintiff argues in his supporting memorandum that the judgment of a sister state's court, namely California, is entitled to full faith and credit in Connecticut with the sole exception being a lack of jurisdiction in that sister state's court. For this proposition the plaintiff relies upon the law as stated by the court in Rathkopf v. Pearson, 148 Conn. 260 (1961). Upon this basis the plaintiff alleges that the defendant's special defenses fail to attack the jurisdiction of the California Municipal Court and therefore are insufficient to contest an application of the full faith and credit doctrine.
 II.
A motion to strike may be used to challenge the legal sufficiency of a special defense. Mingachos v. CBS, Inc.,196 Conn. 91, 109 (1985). A motion to strike admits all facts well-pleaded. Id. at 108. If the facts provable under the allegations of a pleading would support a defense, the motion to strike must fail. Id. at 109.
Where a foreign judgment has not been conferred by default in appearance or by confession of judgment it may be enforced through Conn. Gen. Stat. 52-604, et seq., and shall be treated in the same manner as a judgment of a court of this state. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,469-70 (App. Sess. 1982).
The plaintiff's complaint is neither brought pursuant to section 52-605 nor capable of being brought pursuant to 52-605
due to the allegations of the defendant's second special defense which indicate that the California judgment was granted by default. However, "a foreign judgment creditor who could or did not rely upon 52-605 can still proceed by an independent action on the foreign judgment, since this remedy remains unimpaired under the statutory scheme." Id. at 471-72; citing Conn. Gen. Stat. 52-607. Such an independent action "allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." Meinket v. Levinson, 193 Conn. 110, 113 (1984); see also Rathkopf v. Pearson, 148 Conn. 260, 265 (1961); and Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 472
(App. Sess. 1982).
Broadly stated, this would require proof of a lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment. Rathkopf v. Pearson, 148 Conn. 260.
The court in Meinket v. Levinson, 193 Conn. 110, stated: CT Page 3018 A subsequent challenge to subject matter jurisdiction, when that issue was not actually litigated in the prior action, is authorized only if the litigant can show that `the tribunal's excess of authority was plain or has seriously disturbed the distribution of governmental powers or has infringed a fundamental constitutional protection.'
It is fundamental in proper judicial administration that no matter shall be determined unless the parties have fair notice that it will be presented in sufficient time to prepare themselves relative to the issue. Bonner v. American Financial Marketing Corporation, 181 Conn. 57, 58 (1980). To satisfy the constitutional requirements of due process for in personam jurisdiction there must be a basis for jurisdiction and sufficient notice. D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162.
Further, sections 1, 2 and 81 of the Restatement (Second) of Judgments, in combination, provide that a valid judgment requires notice, which states that an action is pending and affords a reasonable opportunity to be heard; to be transmitted in a manner that actually notifies the person being addressed or someone who can adequately represent him or has a reasonable certainty of resulting in such notice. Restatement (Second) of Judgments 1, 2, 81 (1982). Failure to do so allows one state to avoid the prior judgment of a sister state. Id. at 81.
The defendant's second special defense alleges facts sufficient to bring into question either the California court's adequacy as a legally organized court or tribunal; jurisdiction over the subject matter, parties or both; or the power of that court to grant the relief contained in the judgment. Therefore, the defendant has adequately pled a defense to the Connecticut enforcement of the California judgment and that the plaintiff's motion to strike the defendant's second special defense should and is hereby denied.
 III.
The plaintiff's motion to strike the defendant's first and third special defenses challenges their adequacy on the basis that they fail to attack the jurisdiction of the California court. Again the plaintiff relies upon the law as stated in Rathkopf v. Pearson, 148 Conn. 260 (1961).
The defendant's first and third special defenses allege CT Page 3019 respectively a breach of a fee agreement and a lack of knowledge regarding the application of a partial payment as a setoff. Based upon the law as stated by the court in Rathkopf v. Pearson, 148 Conn. at 205 (1961), the facts alleged in the plaintiffs first and third special defenses are insufficient to state a basis upon which a collateral attack may be sustained. Therefore, the plaintiff's motion to strike the defendant's first and third special defenses is hereby granted.
CONCLUSION
The motion to strike the second special defense is denied and that the motion to strike the first and third special defenses is granted.
STENGEL, J.