[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE CT Page 11723
The plaintiff, Wolfgang Kaehler, brought this action, filed on February 1, 1990, to recover damages for the loss of his photographic transparencies. The plaintiff named as defendants Great American Puzzle Factory and Pat Duncan.
The following allegations appear in the plaintiff's revised second amended three-count complaint, filed on June 15, 1992. That complaint names as defendants Pat Duncan, d/b/a Great American Puzzle Factory, Great American Puzzle Factory, Inc. a Delaware corporation registered to do business in Connecticut, and Pat Duncan, its President. On March 11, 1987 the defendant Duncan contacted the plaintiff's marketing agent and requested transparencies of photographs taken by the plaintiff. The marketing agent then mailed twenty transparencies to the defendants in response to Duncan's request. In September 1987, the plaintiff's agent made verbal demands on Duncan for the return of the transparencies. In response, Duncan stated that she had shipped the transparencies back to the plaintiff. The plaintiff, however, alleges that he never received them.
On August 5, 1988, the plaintiff commenced an action for money damages against "Pat Duncan d/b/a Great American Puzzle Factory" in the King County Superior Court of the State of Washington. After in-hand service of process was made upon Duncan, the Washington Court exercised personal jurisdiction over Duncan in accordance with the state's long-arm statute. Duncan never appeared in the Washington action, and on December 21, 1988, the court entered judgment in the plaintiff's favor in the amount of $50,404.00, plus interest at the rate of 2% per month.
On October 12, 1989, this court (Thompson, J.) concluded that the foreign judgment, which the plaintiff sought to enforce pursuant to General Statutes section 52-605 (The Uniform Enforcement of Foreign Judgments Act), was not entitled to enforcement under section 52-605 because it was obtained by default of appearance.
By way of the first count of the revised second amended complaint, the plaintiff seeks to enforce the foreign judgment against defendant Duncan pursuant to General Statutes section52-607 (Which preserves the common law right of a judgment creditor to enforce a foreign judgment.) The second count of the plaintiff's complaint asserts a breach of contract claim against both CT Page 11724 defendants. The third count asserts a quantum meruit claim against both defendants.
The defendants filed a motion to strike the first count of the plaintiff's revised second amended complaint on September 17, 1992. The plaintiff filed an objection to the motion to strike on October 1, 1992, and a supplemental objection to the motion to strike on October 15, 1992.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
In support of their motion to strike, the defendants argue that the first count of the plaintiff's revised second amended complaint is legally insufficient because: (1) the plaintiff admitted in an affidavit in support of reopening a judgment of dismissal that "Patricia Duncan was not doing business as a sole proprietorship but was acting as President of . . . a corporation; and (2) the first count seeks to enforce a foreign judgment obtained against the defendants by default of appearance.
In response, the plaintiff argues: (1) that the defendant's reference to the affidavit constitutes an improper "speaking motion;" and (2) that the first count is legally sufficient because it is brought pursuant to General Statutes section 52-607, which preserves the common law right of a judgment creditor to enforce a foreign judgment which was obtained by way of the defendants' default of appearance. CT Page 11725
Also, by way of his supplemental objection, the plaintiff argues that the court should deny the motion to strike because the defendants are in default for failure to plead to the plaintiff's revised second amended complaint.
1. Re: Defendant's default for failure to plead
By motion filed on July 16, 1992, the plaintiff moved for default for failure to plead because the defendants failed to file a responsive pleading to the plaintiff's revised second amended complaint which was filed on June 15, 1992. The court granted the plaintiff's motion on August 7, 1992. The defendants then filed the instant motion to strike on September 14, 1992 approximately five weeks after the court entered the default against the defendants.
Section 363A of the Practice Book provides that:
 Where a defendant is in default for failure to plead pursuant to [section 114], the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.
 If a party who has been defaulted under this section files an answer before a judgment upon the default has been rendered by the court, the clerk shall automatically set aside the default.
The court does not consider the defendants' motion to strike because the defendants' are in default for failure to plead. If the defendants so choose, they may file an answer which would automatically cure the default. See Meyer v. Valley Forge Insurance Co., 3 Conn. L. Rptr. 456, 457 (1991, Maiocco, J.) Therefore the defendant's motion to strike is denied.
2. Re: Substantive grounds for denying the motion
The defendants' reference to the plaintiff's affidavit is improper because this use of "facts outside the complaint" constitutes an improper "speaking motion to strike." See Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990) and Connecticut State Oil Co., v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (Superior Court, 1979). The facts contained in the plaintiff's affidavit cannot be considered in ruling upon the defendants' motion to strike. CT Page 11726
The defendants' motion also fails on substantive grounds. If the plaintiff was seeking to enforce his foreign judgment pursuant to General Statutes section 52-605 (the Uniform Enforcement of Foreign Judgment Act), his claim would be legally insufficient because section 52-605 is not applicable to a foreign judgment obtained by default in appearance. However, the plaintiff can still bring a common law action for judgment on a foreign default judgment pursuant to General Statutes section 52-607. See Rathkopf v. Pearson, 148 Conn. 260, 265, 170 A.2d 135 (1961) and Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 472,451 A.2d 291 (App. Sess. 1982).
For the foregoing reasons, the defendants' motion to strike the first count is denied.
Leheny, J.