[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Travelers Indemnity Co. has brought a complaint to enforce a default judgment obtained against the defendant Michael Judge in the Court of Common Pleas of Philadelphia County, Trial Division, on May 24, 1994. The defendant filed an answer and three special defenses: (1) that the plaintiff is not a holder in due course; (2) that the underlying documents, including the bond and note, were altered; and (3) that the defendant received no consideration for the note and bond.
The plaintiff now has filed a motion for summary judgment to which the defendant has objected. CT Page 7873
Pursuant to Practice Book § 384 summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citations omitted.) Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984); Farrell v.Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party.Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984).
The plaintiff contends that summary judgment should be granted because no issue of genuine fact exists that would preclude it from enforcing the default judgment obtained in Pennsylvania. The plaintiff further argues that the special defenses raised by the defendant are insufficient in that they go to the underlying cause of action and do not attack the validity of the judgment.
In opposition, the defendant attests in his affidavit that he was never personally served in the Pennsylvania action, and therefore, the judgment was "rendered without proper jurisdiction" over him. The defendant further claims that he has defenses to the underlying action, such as the fact that his purchase of the limited partnership interest was "fraudulently completed," the underlying documents were altered, the interest rates in the underlying documents vary, and that he has pleaded other valid special defenses to the underlying claims.
"[T]he full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. . . . A party can . . . defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction. . . ." Packer Plastics,Inc. v. Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990).
Where a party seeks to enforce a judgment that was based upon CT Page 7874 a default in appearance, the party must proceed pursuant to General Statutes § 52-607.[1] In such a case, the foreign judgment may be collaterally attacked by "establishing facts that would render the foreign judgment void." Datronic Rental Corp. v.D L Autobody Towing, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 530667 (July 27, 1994, Hale, STR), quoting Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 471-72, 451 A.2d 193 (1990); see also Hancock Estabrook v. Brown, 9 CSCR 695 (May 17, 1994, Rodrignez, J.). This requires "proof of the lack of a legally recognized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Key Bank of Alaska v. Benedict, Superior Court, judicial district of New Haven, Docket No. 349683 (February 25, 1994, Martin, J.), quoting Rathkopf v. Pearson, 148 Conn. 260,265, 170 A.2d 135 (1961).
Issues regarding the jurisdiction of a foreign court are determined by the law of the foreign state. Smith v. Smith,174 Conn. 434, 438, 389 A.2d 768 (1978). Pursuant to 42 Pennsylvania Consolidated Statutes Annotated § 5323, service of process outside the state may be made "(1) [b]y personal delivery in the manner prescribed for service within this Commonwealth. (2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction. . . ." Rule 404 of the Pennsylvania Rules of Civil Procedure provides in pertinent part that "[o]riginal process shall be served outside the Commonwealth . . . (1) by a competent adult who is not a party in the manner provided by Rule 402(a). . . ." Rule 402(a) a) of the Pennsylvania Rules of Civil Procedure provides in pertinent part that "[o]riginal process may be served (1) by handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence. . . ."
In his affidavit the defendant claims that the Pennsylvania court did not have jurisdiction over him because he was not "served personally." In Arthur Hertz' affidavit of service of the complaint in the Pennsylvania action he attests that "[o]n March 31, 1994 . . . I personally served a Complaint — Civil Action upon Michael Henry Judge at 34 Topfield Road, Wilton, CT 96897, the actual place of residence of Michael Henry Judge. I delivered a true copy of the Complaint — Civil Action to Maureen Judge who CT Page 7875 identified herself as his wife, and resides therein."
The Pennsylvania complaint was properly served. See 42 Pa. Cons. Stat. Ann. § 5323; Pa. R. Civ. Pro. Rules 402(a) and 404. The defendant's special defenses, as well as the other grounds given by the defendant for attacking the Pennsylvania judgment included in his affidavit, do not constitute permissible attacks on the judgment, therefore, are not considered by the court. See Key Bank of Alaska v. Benedict, supra; Datronic RentalCorp. v. D L Autobody Towing, Inc., supra. The plaintiff's motion for summary judgment is granted.
D'ANDREA, J.