[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
Facts
In 1994 and now defendant was and is a Connecticut resident.
The plaintiff alleges that it is a Texas corporation. The evidence shows that defendant entered into a contract to buy a large balloon from Airborne America, Inc. a Michigan corporation using a Flint, Michigan bank.
A deposition is offered to prove that defendant bought a large balloon from plaintiff at some time during 1993. Exhibit 4 offers some evidence that plaintiff is a Texas corporation but it offers no facts to prove that it somehow was "formerly Airborne America, Inc. d/b/a Thunder Colt, U.S." a Michigan corporation.[1]
Defendant did not know that plaintiff might be a successor to Airborne America, Inc. until 1994 or 1995.
The agreement which plaintiff claims to be between the parties specifies that it will be subject to the laws of Michigan. The court does not know if the Texas court applied Michigan law but assumes it did.
Law
Defendant is making a collateral attack on the Texas judgment based on a lack of jurisdiction over him. Such an attack is allowed, Rathkopf v. Pearson, 148 Conn. 260, 264-265, but he has the burden of proof.
The plaintiff has the burden of proof as to its complaint. Plaintiff in its Brief in Support of Pre-judgmentRemedy states that "defendant ordered balloon parts and equipment from defendant [sic]." The court reads this as "from plaintiff." Plaintiff's own evidence makes it clear that defendant never contracted with plaintiff but with Thunder Colt Ltd. or Airborne America, Inc. DBA as Thunder Colt, a Michigan corporation," who are referred to as "Seller." The prices for the balloons and equipment "are FOB Mt. Holly" Michigan.
There is no evidence that Texas ever had jurisdiction of CT Page 11599 Air America, Inc.
The defendant has sustained its burden of proof that Texas did not have jurisdiction over him.
Application is denied.
O'Neill, J.