[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON SUMMARY JUDGMENT
The plaintiff has moved for summary judgment on a foreign judgment on the complaint which seeks to enforce a judgment of the Michigan Circuit Court entered on December 22, 1997 after the defendant, James Schultz, failed to appear.
Statement of Facts
The judgment which the plaintiff seeks to enforce was based on an Equipment Lease Agreement entered into between Rosalini's Corp. and the plaintiff and guaranteed by the defendant. The lease contains the following language:
The Parties hereby agree that this Agreement is made in, governed by, to be performed in, and shall be construed in accordance with the laws of the State of Michigan. They further consent and submit to the jurisdiction of the Courts of the State of Michigan and expressly agree to such forum for the bringing any suit, action or other proceeding arising out of the obligations hereunder, and expressly waive any objection to venue in any such Courts and waive any right to a trial by jury so that trial shall be by and only to the CT Page 5427 Court.
The defendant failed to make payments required under the lease and the plaintiff sued and obtained a default judgment in the amount of $7422.01. When the defendant failed to pay the judgment the plaintiff commenced this action against the defendant in this court.
The defendant has not submitted a memorandum of law in opposition to the motion for summary judgment. Instead, the defendant has submitted his own affidavit in opposition to the motion. In the affidavit, the defendant essentially complains about the quality of the equipment which was, presumably, the subject of the Equipment Lease.
Discussion of Law and Ruling
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp. , 233 Conn. 732, 755-52, 660 A.2d 810
(1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990);United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v.Romeo, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied.243 Conn. 929, 701 A.2d 651 (1997); see also Mullen v. Horton, CT Page 542846 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed).
Here, the Michigan judgment was entered by default as a result of the defendant's failure to appear. (Pl.'s Exhibit A.) Thus, for the plaintiff to enforce the foreign judgment in this court, he must proceed pursuant to General Statutes § 52-607.[1]
Under Connecticut General Statutes § 52-607 a foreign judgment creditor can "proceed by an independent action on the foreign judgment since this remedy remains unimpaired under the [Connecticut] statutory scheme." Seaboard Surety Co. v.Waterbury, 38 Conn. Sup. 468, 471-72, 451 A.2d 291 (1982).
An "independent action on [a] foreign judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void."Seaboard Surety Co. v. Waterbury, supra, 38 Conn. Sup. 471-72. "Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Rathkopf v. Pearson,148 Conn. 260, 265, 170 A.2d 135 (1961); G E Enterprises v.Automart, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293170 (May 20, 1993, Ballen, J.).
The defendant does not assert that the foreign judgment is void. Rather, the defendant essentially claims defenses to the Michigan suit on the Equipment Lease. That argument, however, is directed not to the validity of the foreign judgment, but rather to the merits of the underlying claim; and thus the defendant's argument is misplaced. See Rathkopf v. Pearson, supra,148 Conn. 265. The defendant has offered no evidence that the Michigan court lacked jurisdiction either over the person or subject matter, or that the Michigan court lacked the power to grant the plaintiff's requested relief. See Promotion FLMFMT v. FosterMorgan Clark, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153022 (May 13, 1997, Karazin, J.) (summary judgment granted because defendant did not demonstrate that foreign judgment was void); cf. Fidelity Deposit Co. v. Panagopoulos, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 523654 (July 6, 1995.) (summary judgment denied as evidence before court CT Page 5429 demonstrated that forum selection clause possibly induced by fraud). Thus, the defendant has not met his burden of demonstrating that the foreign judgment in this case is void.Rathkopf v. Pearson, supra, 148 Conn. 265 (defendant bears burden of proof that foreign judgment is void).
Consequently, because there is no evidence before this court that the foreign judgment is void, under the full faith credit clause of the federal Constitution the plaintiff is entitled to summary judgment. "[T]he full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics, Inc. v. Laundon,214 Conn. 52, 56, 570 A.2d 687 (1990). Accordingly, the plaintiff's motion for summary judgment is granted.
By the court,
Aurigemma, J.