[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT
This litigation arises out of a series of transactions between the plaintiff, CHR International, Inc., and the defendant, HRF Fastener Systems, Inc., in the mid to. late 1990s.[1] According to the plaintiff, in July of 1995, the parties entered into an agreement whereby the plaintiff agreed to sell and the defendant agreed to buy several hundred cartons of wood screws and spade bit blanks. The plaintiff shipped the goods to the defendant in Boston, Massachusetts. When the defendant did not pay the balance due on the orders, the plaintiff brought an action in the California Superior Court for Orange County in December 1996. The defendant failed to appear and the court rendered judgment after default for the plaintiff on September 23, 1997. The court awarded the plaintiff damages of $28,477, interest of $6,016.60, costs in the amount of $187.50 and attorneys' fees of $600, for a total judgment of $35,341.10. The defendant has not satisfied the California judgment.
Meanwhile, in Connecticut, the defendant's brought an action seeking a prejudgment remedy which was dismissed on July 19, 1999. On August 20, 1999, the plaintiff initiated this action, seeking to domesticate the California judgment. Because the California judgment was obtained by default based on the defendant's failure to appear, the plaintiff could not proceed under the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604. Therefore, the plaintiff brought this action as a common law proceeding.
In response, the defendant moved to dismiss the action, claiming that the California court lacked personal jurisdiction over the defendant and therefore the California judgment was void. The trial court denied the motion, holding that because the controversy was related to or arose out of the defendant's contractual contacts with the forum, the defendant was subject to the specific jurisdiction of California. CHR International,Inc. v. HRF Fastener Systems, Inc., Superior Court, judicial district of Hartford, Docket No. 592124 (November 10, 1999, Booth, J.). The court accepts this decision as the law of the case. The defendant then filed its special defense and three count counterclaim. The defendant's special CT Page 5151 defense reasserts the claim that the California court lacked personal jurisdiction over the defendant.[2] The counterclaim of the defendant consists of three counts. Count one alleges that the defendant returned to the plaintiff, for credit, spade blank parts in the amount of $11,100, but the plaintiff never issued a credit to the defendant. Count two alleges that in June and December of 1995, the defendant procured purchase orders from Vermont American Corporation (Vermont American) in the amount of $198,000, that on June of 1995, the plaintiff agreed to fill the above orders for Vermont American and pay the defendant a fifteen percent commission on the sale, but instead, the plaintiff completed the sale without paying the defendant any commission, that the amount of that commission would have been $29,700. Count three alleges that the plaintiff's actions described in the first two counts constitute violations of the Connecticut Unfair Trade Practices Act.
The plaintiff timely filed a memorandum of law in support of its motion for summary judgment and attached affidavits and documents in support. The defendant has timely filed a memorandum of law in opposition, but provided no supporting documentation. In addition, the defendant has filed an amended counterclaim and the plaintiff has timely filed an objection to the amended counterclaim.
As a preliminary matter, the court must decide whether to allow the defendant's amended counterclaim. Without the consent of the plaintiff and without requesting the leave of the court, the defendant amended its counterclaim. The plaintiff has objected to the amended counterclaim, arguing that the defendant has failed to comply with the requirement of Practice Book § 10-60 that a party amend his or her pleadings in one of three ways: by order of judicial authority, by written consent of the adverse party or by filing a request for leave to file such amendment. "[I]n the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion." (Internal quotation marks omitted.) Baker v.Cordisco, 37 Conn. App. 515, 522-23, 657 A.2d 230, cert. denied,234 Conn. 907, 659 A.2d 1207 (1995). The essential tests in determining whether to allow an amendment are "whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." Id., 523. There is no risk of injustice or delay in this case. There is in fact very little difference between the original and amended counterclaim. The amended version merely renames one of the counts as a set off and seeks an additional remedy (punitive damages under count three). The court, therefore, exercises its discretion to permit the amendment. The remainder of the court's discussion is in reference to the defendant's amended counterclaim. CT Page 5152
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id.
In this case, the defendant has asserted two claims, but provides no materials in support of its allegations. "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) United Services Automobile Assn. v.Marburg, 46 Conn. App. 99, 107, 698 A.2d 914 (1997). A party's conclusory statement "does not constitute evidence sufficient to establish the existence of a disputed material fact for purposes of a motion for summary judgment." Hoskins v. Titan Value Equities Group, 252 Conn. 789,794, 749 A.2d 1144 (2000). Therefore, because the defendant has produced no materials whatsoever in support of its adverse claim, the defendant fails to meet its burden.
Even if the defendant had demonstrated the existence of a material fact, however, the defendant would still not prevail because its claims are barred by the doctrines of full faith and credit and res judicata. The full faith and credit clause of the United States Constitution requires that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." U.S. Const., art. IV, § 1. "As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 56,570 A.2d 687 (1990). Because the California judgment was entered by default as a result of the defendant's failure to appear, the plaintiff must proceed pursuant to General Statutes § 52-607 to enforce the CT Page 5153 foreign judgment in this court. Under Connecticut General Statutes §52-607, a foreign judgment creditor can "proceed by an independent action on the foreign judgment since this remedy remains unimpaired under the [Connecticut] statutory scheme." Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 471-72, 451 A.2d 291 (1982) (Appellate Session).
An "independent action on [a] foreign judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." Seaboard Surety Co. v. Waterbury,
supra, 38 Conn. Sup. 471-72. "Broadly stated, this would require proof of the lack of a legally organized coua or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Rathkopf v. Pearson, 148 Conn. 260,265, 170 A.2d 135 (1961); G E Enterprises v. Automart, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293170 (May 20, 1993, Ballen, J.).
The defendant's counterclaims do not assert that the California judgment is void. The defendant has offered no evidence that the California court lacked subject matter jurisdiction, or that the California court lacked the power to grant the plaintiff's requested relief.[3] See Promotion FLMFMT v. Foster Morgan Clark, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153022 (May 13, 1997, Karazin, J.) (summary judgment granted because defendant did not demonstrate that foreign judgment was void). Thus, the defendant has not met his burden of demonstrating that the foreign judgment in this case is void. Rathkopf v. Pearson, supra, 148 Conn. 265
(defendant bears burden of proof that foreign judgment is void). Instead, these claims are directed to the merits of the plaintiff's underlying claim and should have been raised in the California action. Both of the defendant's claims, if proven, were related to the transaction litigated in the California action and would have been relevant to the amount awarded to the plaintiff, resulting in either a reduced award or no award at all. Thus, the defendant cannot be allowed to raise these arguments now. See Rathkopf v. Pearson, supra,148 Conn. 265.
In fact, because the defendant's claims go to the merits of the first action, they are a collateral attack on the judgment and the California common law doctrine of res judicata bars those claims.[4] The "doctrine of res judicata . . . precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." Kopp v. Fair Political PracticesCommission, 11 Cal.4th 607, 905 P.2d 1248, 47 Cal.Rptr.2d 108 (1995); see also Teitelbaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 604,375 P.2d 439, 25 Cal.Rptr. 559 (1962). Indeed, in an action very similar CT Page 5154 to this one, the Appellate Court held that a defendant's collateral attack on a California default judgment was barred because "allowing such a collateral attack would be a failure to accord full faith and credit to a judgment that must be treated as res judicata as to all of the claims and potential defenses that could have been made to them." PhoenixLeasing, Inc. v. Kosinski, 47 Conn. App. 650, 656, 707 A.2d 314 (1998). Therefore, because this court must accord the California judgment full faith and credit, it cannot allow the defendant to collaterally attack that judgment in this present action.
Finally, policy reasons support the court's grant of summary judgment in this case. Our courts have a strong policy favoring the plaintiff's choice of forum. Reed v. Commercial Union Ins. Co., 60 Conn. App. 200,204, 758 A.2d 914 (2000). The plaintiff in this case chose its forum — California. To allow the defendant to relitigate the cause of action here in Connecticut would frustrate the plaintiff's choice of forum and subject the plaintiff to precisely the type of harassment and evasion from which provisions like the full faith and credit clause and General Statutes § 52-607 are designed to protect a successful litigant. See generally Yoder v. Yoder, 31 Conn. Sup. 344, 347,330 A.2d 825 (1974).
Because of the foregoing reasons, the court grants the plaintiff's motion for summary judgment.
Hale, J.T.R.