[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against the defendants to enforce a judgment obtained by plaintiff against the defendants in New Jersey. Because the judgments in New Jersey were obtained by default the plaintiff is proceeding in common law rather than pursuant to General Statutes § 52-605.
The defendants, Jean Pepitone and James Pepitone have filed an answer in which they leave the plaintiff to his proof regarding the allegations of the complaint. Additionally, these defendants have filed special defenses in which they allege that the New Jersey judgment was the result of a default and not on the merits and that they are members of a limited liability company and thus not liable to the plaintiff under New Jersey law. No answer has been filed on behalf of the defendant Lemley.
The plaintiff has now filed a motion for summary judgment along with documents which establish a valid default judgment in New Jersey in the amount of $12,421.89 plus interest as to the Pepitone's, and $1,252.52 as to Lemley.
The sole basis upon which the defendants oppose the plaintiff's motion is that the defendants Jean and James Pepitone are protected by New Jersey law in that the contract which formed the basis of the New Jersey action was between the plaintiff and Wall Mail Center, L.L.C., a limited liability company and thus they have no personal liability. As to the defendant, Lemley, no basis for opposing the plaintiff's motion has been asserted.
The opposition to the plaintiff's motion for summary judgment is in effect a collateral attack on the New Jersey judgments. In order to be successful in such an attack defendants must establish that the New Jersey judgments are void, not merely voidable. Rathkopf v. Pearson,148 Conn. 260, 265 (1961). "Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Phoenix Leasing, Inc. v.Kosinsky, 47 Conn. App. 650, 653 (1998), quoting Rathkopf v. Pearson, supra.
Since the defendants have not demonstrated any of the foregoing deficiencies as to the New Jersey judgments the plaintiff is entitled to prevail to the extent that his motion for summary judgment is based upon CT Page 14279 those judgments.
Therefore, judgment may enter in favor of the plaintiff in the amount of $13,354.18 as to the defendants James and Jean Pepitone, and in the amount of $1,331.42 as to the defendant Raymond Lemley. Also, in accordance with the express provisions of the New Jersey judgments, the defendants are ordered to return to the plaintiff forthwith, the two ships which are the subject of the New Jersey action.
By the Court,
Bruce W. Thompson, Judge